UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
HARRY GORDON,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
MOHAMMAD ALI, shield #23614, SERGEANT
RAUL OSORIO, shield #3330, POLICE OFFICER
DONALD EVANS, shield #17071, SERGEANT
ERNEST URBINA, shield #1829, SERGEANT
RICHARD MODESTIL, shield # 3341, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                Defendants.
_____X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS TRIAL BY JURY

13-CV-3159

      Plaintiff HARRY GORDON, for his complaint, by his attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF HARRY GORDON (hereinafter "GORDON") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about February 12, 2012 at approximately 10:00 P.M., GORDON was falsely arrested by employees of the City of New York, including but not limited to POLICE OFFICER MOHAMMAD ALI, shield #23614, SERGEANT RAUL OSORIO, shield #3330, POLICE OFFICER DONALD EVANS, shield #17071, SERGEANT ERNEST URBINA, shield #1829, and SERGEANT RICHARD MODESTIL, shield #3341. As a result of the false arrest and subsequent detention by Defendants, GORDON suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. GORDON at all times relevant hereto resided in Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER MOHAMMAD ALI, shield #23614 (hereinafter "ALI") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. ALI is sued in his official and individual capacity.

6. Defendant SERGEANT RAUL OSORIO, shield #3330 (hereinafter "OSORIO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. OSORIO is sued in his official and individual capacity.

7. Defendant POLICE OFFICER DONALD EVANS, shield #17071 (hereinafter "EVANS") was an NYPD police officer, and at all times relevant hereto, acted in that

       capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. EVANS is sued in his official and individual capacity.

8. Defendant SERGEANT ERNEST URBINA, shield #1829 (hereinafter "URBINA") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. URBINA is sued in his official and individual capacity.

9. Defendant SERGEANT RICHARD MODESTIL, shield #3341 (hereinafter "MODESTIL") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MODESTIL is sued in his official and individual capacity.

10. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

11. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

12. On or about February 12, 2012 at approximately 10:00 P.M., GORDON was at his apartment located at 80 East 93rd Street, Apt C-921 in Brooklyn, NY with his two daughters, when one of his daughters ran out of the apartment and into the street.

13. GORDON went downstairs to look for his daughter. New York City Police Officers, including but not limited to ALI, OSORIO, EVANS, URBINA, and MODESTIL located Sylvia, but then arrested GORDON. GORDON requested to go back into his apartment to get his insulin, but police refused his requests.

14. GORDON was placed in a police vehicle and transported to the 67th Precinct. GORDON was detained at the precinct for approximately 24 hours before being transported to Kings County Hospital.

15. GORDON was treated at the hospital and then transported back to the 67th Precinct in the morning of February 14, 2012.

16. GORDON was detained again at the 67th precinct for approximately 24 hours. GORDON was released from the precinct without being charged in the morning of February 15, 2012.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

17. Paragraphs 1 through 16 of this complaint are hereby realleged and incorporated by reference herein.

18. That Defendants had neither valid evidence for the arrest of GORDON nor legal cause or excuse to seize and detain him.

19. That in detaining GORDON without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the

color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. GORDON was but one of those persons.

20. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

21. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

22. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of GORDON's rights alleged herein.

23. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of GORDON's rights, subjected GORDON to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

24. By reason of the foregoing, GORDON suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

25. Paragraphs 1 through 24 are hereby realleged and incorporated by reference herein.

26. That Defendants had no legal cause nor excuse to detain GORDON for a prolonged period prior to arraignment.

27. That Defendants detained GORDON excessively prior to arraignment in violation of GORDON's civil rights.

28. That Defendants detained GORDON with ill will and/or negligently.

29. That Defendants should have expeditiously investigated this matter and released GORDON.

30. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of GORDON's rights, deprived GORDON of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

31. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

32. That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

33. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

34. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

35. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of GORDON's rights alleged herein.

36. That Defendant, through its officers, agents and employees, unlawfully incarcerated GORDON for an excessive period of time prior to arraignment.

37. By reason of the foregoing, GORDON suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF MEDICAL TREATMENT)

38. Paragraphs 1 through 37 are hereby realleged and incorporated by reference herein.

39. That GORDON's diabetes amounted to a serious medical condition.

40. That untreated, GORDON's injuries amounted to a substantial risk of serious harm.

41. That GORDON requested medical treatment for his condition.

42. That Defendants refused to provide medical treatment.

43. That the denial of medical care resulted in a substantial risk of serious harm to GORDON.

44. That Defendants acted with reckless disregard for the substantial risk.

45. That Defendants denied GORDON access to medical care because of a deliberate indifference to the medical need.

46. That by reason of the foregoing, GORDON suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

47. Paragraphs 1 through 46 of this complaint are hereby realleged and incorporated by reference herein.

48. That Defendants stopping GORDON constituted a seizure.

49. That Defendants had neither valid evidence nor legal cause or excuse to seize and detain GORDON.

50. That in detaining GORDON without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. GORDON was but one of those persons.

51. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

52. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of GORDON's rights alleged herein.

54. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of GORDON's rights, subjected GORDON to unlawful detentions, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

55. By reason of the foregoing, GORDON suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, GORDON has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, GORDON respectfully requests that judgment be entered:

1. Awarding GORDON compensatory damages in a full and fair sum to be

determined by a jury;

2. Awarding GORDON punitive damages in an amount to be determined by a jury;

3. Awarding GORDON interest from February 12, 2012 and

4. Awarding GORDON reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         October 14, 2013

                                              _____
                                              DAVID A. ZELMAN, ESQ.
                                              (DZ 8578)
                                              612 Eastern Parkway
                                              Brooklyn, New York 11225
                                              (718)604-3072